# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - x
:
:
IN RE:  CREDIT DEFAULT SWAPS        :     Master Docket No.:  13 MD 2476 (DLC)
ANTITRUST LITIGATION            :
:
This Document Relates To:  All Actions  :
:
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - x

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENTS AND PROVIDING FOR NOTICE TO THE SETTLEMENT CLASS



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10|29|2015

1

WHEREAS, an action is pending before this Court styled *In re Credit Default Swaps Antitrust Litigation*, Master Docket No. 13 MD 2476 (DLC) (the "Action");

WHEREAS, Co-Lead Counsel have made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an order preliminarily approving settlements of the Action, in accordance with individual Stipulations and Agreements of Settlement with all Defendants dated September 30, 2015 (the "Agreements") including Bank of America Corporation and Bank of America, N.A.; Barclays Bank PLC; BNP Paribas; Citigroup Inc., Citibank, N.A., and Citigroup Global Markets Inc.; Credit Suisse AG; Deutsche Bank AG; Goldman, Sachs & Co.; HSBC Bank PLC and HSBC Bank USA, N.A.; JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.; Morgan Stanley & Co. LLC; Royal Bank of Scotland PLC; Royal Bank of Scotland N.V.; UBS AG and UBS Securities LLC; International Swaps and Derivatives Association ("ISDA"); Markit Group Holdings Ltd. and Markit Group Ltd. ("Markit") (the "Settling Defendants"). The Agreements, together with the exhibits annexed thereto, set forth the terms and conditions for settlements of the Action against Settling Defendants and for dismissal of the Action against Settling Defendants with prejudice upon the terms and conditions set forth therein;

WHEREAS the Court has read and considered the Agreements and the exhibits annexed thereto; and

WHEREAS, all terms in initial capitalization used in this Preliminary Approval Order shall have the same meanings as set forth in the Agreements, unless otherwise defined herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court hereby preliminarily approves the Agreements and the Settlements set forth therein, subject to further consideration at the Fairness Hearing described below.

2.      A hearing (the "Fairness Hearing") shall be held before the Court on April 15, 2016, at 2:00 p.m.,[1] at the United States District Court for the Southern District of New York,

---

[1]   A copy of the schedule for final approval is attached as Appendix A.

Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312 to determine: (a) whether the Court should certify the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure; (b) whether the Settlements of the Action on the terms and conditions provided for in the Agreements are fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (c) whether a Final Judgment and Order of Dismissal as provided for in the Agreements should be entered; (d) whether the proposed Plan of Distribution should be approved; (e) whether Co-Lead Counsel's application to the Court for an award of attorneys' fees and expenses and incentive awards to the Class Plaintiffs[2] for their representation of the Class in this Action (the "Fee and Expense Application") should be granted; and (f) such other matters as the Court may deem appropriate.

      3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court certifies, solely for purposes of effectuating the Settlements, a Settlement Class defined as follows:

> All Persons who, during the period of January 1, 2008 through September 25, 2015, purchased CDS from or sold CDS to the Dealer Defendants, a Released Party, or any purported co-conspirator, in any Covered Transaction (as defined in Paragraph 2(i) of the Agreements).

> Excluded from the Settlement Class are Defendants (as identified in Paragraph 2(j) of the Agreements) and all of their respective officers, directors, management, employees, current subsidiaries, or affiliates, as well as any Person whose exclusion is mandated by law, provided that the foregoing exclusions shall not cover Investment Vehicles.

      4.      The Court preliminarily finds that the requirements of Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied, as follows: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is

---

[2] Class Plaintiffs are Plaintiffs Los Angeles County Employees Retirement Association; Salix Capital US Inc.; Value Recovery Fund LLC; Delta Institutional, LP; Delta Onshore, LP.; Delta Offshore, Ltd.; Delta Pleiades, LP; and Essex Regional Retirement System.

impracticable; (b) questions of law and fact common to the Settlement Class predominate over any individual questions; (c) the claims of Class Plaintiffs are typical of the claims of the Settlement Class; (d) Class Plaintiffs and Co-Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering (i) the interests of Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already begun by Settlement Class Members; (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and (iv) the likely difficulties in managing this Action and a class action.

5.      Class Plaintiffs are preliminarily certified, solely for purposes of effecting the Settlements, as Settlement Class representatives.  The law firm of Quinn Emanuel Urquhart & Sullivan, LLP is preliminarily appointed as Lead Counsel for the Settlement Class and the law firm of Pearson, Simon & Warshaw, LLP is preliminarily appointed as Co-Lead Counsel for the Settlement Class.  (Together, these firms are referred to herein as "Co-Lead Counsel.")

6.      The Court approves, as to form and content, the Notice of Proposed Settlement of Class Action (the "Notice") and the Summary Notice for publication, annexed respectively, as Exhibit A-1 and A-2 hereto, and finds that the mailing and distribution of the Notice and the publication of the Summary Notice substantially in the manner and form set forth below meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled to notice.

7.      The Court appoints Garden City Group as the Claims Administrator to supervise and administer the dissemination of notice and to process the claims as more fully set forth below:

a.      Not later than January 11, 2016, the Claims Administrator shall cause a copy of the Notice, substantially in the form annexed as Exhibit A-1 hereto, to be mailed

4

by first-class domestic or international mail, as applicable, to all members of the Settlement Class who can be identified with reasonable effort;

b.      Not later than January 11, 2016, the Claims Administrator shall cause the Summary Notice, substantially in the form annexed as Exhibit A-2 hereto, to be published once in the national and global (Europe and Asia) editions of The Wall Street Journal, once in Investor's Business Daily, and once over PR Newswire; and

c.      Not later than January 11, 2016, Co-Lead Counsel shall establish and maintain, or cause to be established and maintained, a dedicated website from which each member of the Settlement Class can view and download relevant documents, including the Notice, Summary Notice, Plan of Distribution, and Second Consolidated Amended Class Action Complaint, *the 9/4/14 Opinion on the motion to dismiss, the Settlement Agreements, and the motion for any award of attorneys fees when it is filed.*

8.      Settling Defendants shall supply to Co-Lead Counsel in electronic format information that may assist in identifying Settlement Class Members, including names and addresses in their possession, custody or control, that is reasonably available to them, and the retrieval and disclosure of which is clearly permitted by law and would not constitute a substantial burden or expense, for purposes of facilitating the provision of notice to Settlement Class Members and the administration of the Settlements, all of which information shall be governed by the Stipulated Protective Order entered in the Action on September 18, 2014 (ECF No. 331) and used only for the purposes of facilitating the provision of notice to Settlement Class Members and the administration of the Settlements.

9.      All fees, costs, and expenses incurred in identifying and notifying Settlement Class Members shall be paid from the Settlement Fund.  In no event shall Settling Defendants bear any responsibility for such fees, costs, or expenses except as otherwise provided in the Agreements.

10.      *In the event the Settlement is approved,* All Settlement Class Members *who do not timely and properly exclude themselves* shall be bound by all determinations and judgments in the Action concerning the Settlements, whether favorable or unfavorable to the Settlement Class.

11.     Any and all distributions to eligible Settlement Class Members shall be made pursuant to the Plan of Distribution, as finally approved by the Court, to those Settlement Class Members who submit a valid proof of claim form.

a.     Settlement Class Members who wish to participate in the Settlements must complete and submit a valid proof of claim form, in accordance with the instructions contained therein. All proof of claim forms shall include, *inter alia*, an acknowledgement of, and agreement to, the releases of all Released Claims against all Released Parties and shall be signed under penalty of perjury by an authorized Person.

b.     Any Settlement Class Member who does not execute a proof of claim form containing such an acknowledgement and agreement shall not be permitted to receive any distribution from the Settlement Fund or otherwise in connection with the Action and will in any event be barred from bringing any action against the Released Parties concerning the Released Claims.

c.     Unless the Court orders otherwise, all proof of claim forms must be postmarked by or before May 27, 2016.

d.     All Settlement Class Members whose claims are not approved shall be barred from any participation in distributions from the Settlement Fund, but otherwise shall be bound by all of the terms of the Agreements and the Settlements, including the terms of the Final Judgment and Order of Dismissal to be entered in the Action and the releases provided for in the Agreements, and will be barred from bringing any action against the Released Parties concerning the Released Claims.

12.     Any Person seeking exclusion from the Settlement Class must file a timely written request for exclusion ("Request for Exclusion") in accordance with the procedures set forth in the Notice. Any Person who files such a request shall be excluded from the Settlement Class, shall have no rights with respect to the Settlements, shall receive no payment from the sums provided for as part of the Settlements, and shall be deemed to have excluded itself from the Action for all purposes, including but not limited to any and all future prosecution of the

Action and any and all other settlements reached in connection with the Action.  A Request for Exclusion must be in writing, signed by the Person or his, her, or its authorized representative; it must state, at a minimum, the name, address, and phone number of that Person; identify any and all CDS Transactions (including their respective notional amounts) in which the Person, during the period of January 1, 2008 through September 25, 2015, purchased CDS from or sold CDS to any of the Dealer Defendants or any of their respective affiliates, unless that information is not within the Person's possession, custody, or control; and include a signed statement that "I/we hereby request that I/we be excluded from the proposed Settlement Class in the *In re Credit Default Swaps Antitrust Litigation.*"  To be valid, the request must be mailed to the address provided in the Notice and postmarked no later than February 29, 2016.  A Request for Exclusion that does not include all of the foregoing information, that does not contain the proper signature, that is sent to an address other than the one designated in the Notice, or that is not sent within the time specified, shall be invalid, and the Person(s) filing such an invalid request shall be a Settlement Class Member and shall be bound by the Settlements set forth in the Agreements, if approved.

13.     Any Settlement Class Member who has not requested exclusion from the Settlement Class and who objects to the Settlements, the Plan of Distribution, or the Fee and Expense Application may appear in person or through counsel, at his, her, or its own expense, at the Fairness Hearing to present any evidence or argument that the Court deems proper and relevant.  However, no such Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any such Settlement Class Member shall be received and considered by the Court, unless such Settlement Class Member properly submits a written objection that includes: (i) a notice of intention to appear; (ii) proof of membership in the Settlement Class; and (iii) the specific grounds for the objection and any reasons why such Settlement Class Member desires to appear and be heard, as well as all documents or writings that such Settlement Class Member desires the Court to consider.  Such a written objection must be both filed with the Court and mailed to Co-Lead Counsel on or before February 29, 2016.

7

Co-Lead Counsel and Settling Defendants shall file any papers in response to any such objection or otherwise in further support of the Settlements within seven (7) days of the Fairness Hearing.

14.     Any Settlement Class Member who fails to timely object in the manner prescribed herein shall be deemed to have waived his, her, or its objections and will forever be barred from making any such objections in the Action, unless otherwise excused for good cause shown, as determined by the Court.

15.     The Court appoints Signature Bank as the Escrow Agent who shall administer the Settlement Fund, and, absent further order of the Court, have the duties and responsibilities in such capacity that are set forth in the Agreements.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis*, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Agreements and/or further order(s) of the Court.

16.     All papers in support of the Fee and Expense Application shall be filed and served no later than January 29, 2016 and any reply papers shall be filed and served no later than 7 days prior to the Fairness Hearing.  All papers in support of the Settlements and the proposed Plan of Distribution shall be filed and served no later than 14 days before the Fairness Hearing.

17.     At or after the Fairness Hearing, the Court shall determine whether the Agreements and Settlements, the proposed Plan of Distribution, and the Fee and Expense Application should be finally approved.  The Court shall consider the proposed Plan of Distribution and the Fee and Expense Application separately from the fairness, reasonableness, and adequacy of the Settlements, and any decisions by the Court concerning the proposed Plan of Distribution and the Fee and Expense Application shall not affect the validity or finality of the proposed Settlements.

18.     Neither Settling Defendants nor any of the Released Parties shall have any responsibility for or liability whatsoever with respect to:  (i) any act, omission, or determination of the Escrow Agent or any other person, or any of their respective designees or agents, in connection with the administration of the Settlement Fund or otherwise; (ii) any Plan of

Distribution; (iii) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Settlement Fund; (v) the payment or withholding of any Taxes and/or costs incurred in connection with the taxation of the Settlement Fund or the filing of any returns; (vi) the solicitation, review, or evaluation of proofs of claim; or (vii) awards made pursuant to the Fee and Expense Application.

19.     All reasonable expenses incurred in identifying and notifying potential Settlement Class members as well as administering the Settlement Fund shall be paid as set forth in the Agreements. If the Court does not approve the Settlements, or it otherwise fails to become effective, neither Class Plaintiffs nor any of their counsel shall have any obligation to repay any amounts incurred or disbursed pursuant to Paragraph 9 of the Agreements.

20.     Settling Defendants have denied wrongdoing or liability in connection with the allegations in the Action. As such, nothing in the Agreements constitutes an admission by Settling Defendants as to the merits of the allegations made in the Action, the validity of any defenses that could be or have been asserted by Settling Defendants, or the appropriateness of certification of any class other than the Settlement Class under Fed. R. Civ. P. 23 for purposes of settlement only.

21.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to the Settlement Class. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlements. To the extent practicable, Co-Lead Counsel shall cause the Claims Administrator to promptly cause notice of any Court-ordered changes of schedule or any modifications of deadlines to be published on the settlement website. The Court may approve the Settlements or the Plan of Distribution, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

22.     All proceedings in the Action with respect to Settling Defendants are stayed until further order of the Court, except as may be necessary to implement the Settlements or comply with their terms. Pending final determination of whether the Settlements should be approved,

neither Class Plaintiffs nor any Settlement Class Member shall commence or prosecute any action alleging any of the Released Claims against any of the Released Parties.

23.     In the event one or more of the Settlements is terminated, then the Parties to such terminated Settlement(s) shall be deemed to have reverted to their respective status in the Action as of the Execution Date, and the Parties to the terminated Settlement(s) shall proceed in all respects as if the terminated Agreement(s) and any related orders had not been entered; provided, however, that in the event of termination of a Settlement, Paragraphs 3(b), 10, 11(c), and 15 shall nonetheless survive and continue to be of effect and have binding force.

IT IS SO ORDERED.

DATED: _October 29_, 2015

_____
HON. DENISE COTE
UNITED STATES DISTRICT JUDGE

10

## Appendix A – Schedule for Final Approval

| EVENT | DATE |
|---|---|
| Order Preliminarily Approving Settlement | October __, 2015 |
| Last Day for Notice and Launch of Settlement Website | January 11, 2016 |
| Last Day to File Petition for Fees and Expenses | January 29, 2016 |
| Last Day to Opt Out of Class | February 29, 2016 |
| Last Day to Object to Settlement | February 29, 2016 |
| Last Day to File Papers in Support of Final Approval of Settlement | 14 Days Prior to Fairness Hearing |
| Last Day to File Reply Papers in Support of Petition for Fees and Expenses | 7 Days Prior to Fairness Hearing |
| Fairness Hearing for Final Approval of Settlement | April 15, 2016 |
| Claim Submission Deadline | May 27, 2016 |

# EXHIBIT A-1

# NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**If You Entered into a CDS Transaction Between January 1, 2008 and September 25, 2015, You May Be Affected by Class Action Settlements.**

"CDS" means any and all types of credit default swap(s) and CDS-based products, including, without limitation, single-name CDS, CDS on corporate, sovereign and municipal reference entities, tranche CDS, basket CDS, index CDS, and CDS futures. A "CDS Transaction" means (i) any purchase, sale, trade, assignment, novation, unwind, termination, or other exercise of rights or options with respect to any CDS, whether executed over-the-counter or via inter-dealer brokers, a centralized clearinghouse, a central limit order book, an exchange, a swap execution facility, or any other platform or trading facility; or (ii) any decision to withhold a bid or offer on, or to decline to purchase, sell, trade, assign, novate, unwind, terminate or otherwise exercise any rights or options with respect to any CDS.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- This notice is to alert you to settlements reached with defendants Bank of America Corporation and Bank of America, N.A.; Barclays Bank PLC; BNP Paribas; Citigroup Inc., Citibank, N.A., and Citigroup Global Markets Inc.; Credit Suisse AG; Deutsche Bank AG; Goldman, Sachs & Co.; HSBC Bank PLC and HSBC Bank USA, N.A.; JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.; Morgan Stanley & Co. LLC; Royal Bank of Scotland PLC and Royal Bank of Scotland N.V.; UBS AG and UBS Securities LLC (collectively, "Dealer Defendants"); International Swaps and Derivatives Association ("ISDA"); Markit Group Holdings Ltd. and Markit Group Ltd. ("Markit")(collectively, "Defendants") in a class action.

- The lawsuit alleges that Defendants engaged in anticompetitive acts that affected the price of CDS in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. The lawsuit also alleges that Defendants were unjustly enriched under common law by their anticompetitive acts. The lawsuit was brought by, and on behalf of, purchasers or sellers of CDS. The Defendants deny they did anything wrong.

- Settlements have been reached with all Defendants. Defendants have collectively agreed to pay $1,864,650,000 ("Settlement Fund"). Before any money is paid, the Court will have a hearing to decide whether to approve the settlements. Approval of these settlements by the Court will resolve all relevant claims with finality and this lawsuit in its entirety.

- The two sides disagree on how much money could have been won if the plaintiffs had won a trial.

- Your legal rights will be affected whether you act or don't act. Please read the entire Notice carefully.

For more information, call 1-888-744-0531 or visit www.CDSAntitrustSettlement.com.

1

| YOUR LEGAL RIGHTS AND OPTIONS IN THESE SETTLEMENTS: | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to receive your share of the Settlement Fund. |
| EXCLUDE YOURSELF | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. |
| COMMENT OR OBJECT | Write to the Court about why you do or do not like the settlements. |
| GO TO A HEARING | Ask to speak in Court about the fairness of the settlements. |
| DO NOTHING | Get no payment. Give up rights. |

- The Court in charge of this case must decide whether to approve the settlements. Payments will be made if the Court approves the settlements and, if there are any appeals, after appeals are resolved.

### WHAT THIS NOTICE CONTAINS

BASIC INFORMATION.................................................................................................................PAGE 3

1. Why did I get this Notice?

2. What is this litigation about?

3. Why is this a class action?

4. Why are there settlements?

WHO CAN PARTICIPATE IN THE SETTLEMENTS..................................................................PAGE 5

5. How do I know if I am part of the settlements?

6. Are there exceptions to being included in the Settlement Class?

7. What if I'm still not sure if I am included in the Settlement Class?

THE SETTLEMENT BENEFITS....................................................................................................PAGE 6

8. What do the settlements provide?

9. Can the Settlement Amount be reduced or the Settlement terminated?

10. Will I get a payment?

11. How can I get a payment?

12. When will I receive a payment?

13. What am I giving up to get a payment or stay in the Settlement Class?

EXCLUDING YOURSELF FROM THE SETTLEMENTS.............................................................PAGE 8

14. What if I do not want to be in the Settlement Class?

15. How do I get out of the settlements?

16. If I don't exclude myself, can I sue Defendants for the same thing later?

17. If I exclude myself can I get money from the settlements?

18. If I exclude myself, can I comment on the settlements?

**COMMENTING ON OR OBJECTING TO THE SETTLEMENTS**.......................................................................PAGE 9

19. How can I tell the Court what I think about the settlements?

20. What's the difference between objecting and excluding?

**THE LAWYERS REPRESENTING YOU** ...................................................................................................PAGE 10

21. Do I have a lawyer in this case?

22. How will the lawyers be paid?

**THE COURT'S FAIRNESS HEARING**.....................................................................................................PAGE 11

23. When and where will the Court decide whether to approve the settlements?

24. Do I need to come to the hearing?

25. May I speak at the hearing?

**IF YOU DO NOTHING** ......................................................................................................................PAGE 12

26. What happens if I do nothing?

**GETTING MORE INFORMATION** .....................................................................................................PAGE 12

27. How do I get more information?

<u>**BASIC INFORMATION**</u>

**1. Why did I get this Notice?**

You or your company may have entered into a CDS Transaction between January 1, 2008 and September 25, 2015.

You have the right to know about this litigation and about your legal rights and options before the Court decides whether to approve the proposed settlements. If the Court approves the settlements and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the settlements allow. You will be informed of the progress of the settlements.

This Notice explains the litigation, the proposed settlements, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court supervising the case is the United States District Court for the Southern District of New York. The case is called In re: Credit Default Swaps Antitrust Litigation, Master Docket No.: 13 MD 2476 (DLC). The people who sued are called Class Plaintiffs, and the companies they sued are called Defendants.

### 2. What is this litigation about?

The lawsuit alleges that Defendants engaged in anticompetitive acts that affected the price of CDS in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. The lawsuit also alleges that Defendants were unjustly enriched under common law by their anticompetitive acts. The lawsuit was brought by, and on behalf of, purchasers and sellers of CDS. The lawsuit is proceeding in the United States District Court for the Southern District of New York before Judge Denise Cote.

The entities that prosecuted this lawsuit, referred to as "Class Plaintiffs," are the Los Angeles County Employees Retirement Association; Salix Capital US Inc.; Value Recovery Fund LLC; Delta Institutional, LP; Delta Onshore, LP; Delta Offshore, Ltd.; Delta Pleiades, LP; and Essex Regional Retirement System.

Among other things, Class Plaintiffs allege that, beginning in 2008, Defendants conspired to prevent exchange trading of CDS at secret meetings and through telephone and email communications. Class Plaintiffs allege that the Dealer Defendants agreed with each other not to deal with any central clearing platform that might allow CDS trading and instead to clear almost all transactions through the one clearinghouse they could control, ICE Clear Credit LLC ("ICE"). Class Plaintiffs further allege that the Dealer Defendants conspired to limit changes to the over-the-counter CDS market and imposed rules restricting participation in ICE that were designed to prevent a transition to exchange trading. Class Plaintiffs allege that the Dealer Defendants pressured Markit and ISDA not to grant any licenses that allowed CDS to trade via central limit order book or on an exchange platform, thus ensuring that some Dealer Defendant be on at least one side of every CDS transaction. According to Class Plaintiffs, Defendants' conduct harmed Settlement Class Members by keeping the CDS market opaque, preventing competition, and maintaining inflated bid/ask spreads on CDS Transactions. The Defendants deny they did anything wrong.

### 3. Why is this a class action?

A class action is a lawsuit in which a few representative plaintiffs bring a lawsuit on behalf of themselves and other similarly situated persons (i.e., the class) who have similar claims against the defendants. The plaintiffs, the Court, and counsel appointed to represent the class all have a responsibility to make sure that the interests of all class members are adequately represented. 

Importantly, class members are NOT individually responsible for the attorneys' fees or litigation expenses. In a class action, attorneys' fees and litigation expenses are paid from the settlement fund (or the court judgment amount) and must be approved by the Court. If there is no recovery, the attorneys do not get paid.

When a class enters into settlements, such as these settlements with Defendants here, the Court will require that the members of the class be given notice of the settlements and an opportunity to be heard. The Court then holds a hearing to determine, among other things, if the settlements are fair, reasonable, and adequate to the members of the class.

**4. Why are there settlements?**

The Court did not decide in favor of Class Plaintiffs or Defendants. Class Plaintiffs and their Co-Lead Counsel thoroughly investigated the facts and law regarding the claims at issue in this litigation, as well as Defendants' potential defenses.  As a result, Class Plaintiffs think they could have won substantial damages at trial. Class Plaintiffs developed a preliminary model, based upon a number of assumptions that Defendants vigorously disputed, which estimated that the damages the Settlement Class could potentially seek at trial were approximately $8 to $12 billion.  The settlements represent a recovery of 15% to 23% of the damages that might have been sought based on Class Plaintiffs' preliminary model.  Defendants think Class Plaintiffs' claims lack merit and believe the claims would have been rejected either prior to trial, at trial or on appeal. Defendants believe  the trial court or an appellate court would have prevented Class Plaintiffs from litigating the case as a class action.  Defendants also dispute the premises and output of Class Plaintiffs' preliminary damages model, and do not believe Class Plaintiffs could have ever proven any damages to the putative class, in which case the class would receive nothing.  None of those issues were decided. Instead, after engaging in lengthy, detailed negotiations with the help of a nationally-recognized mediator, all parties agreed to settle the case. That way, they will avoid the cost and risk of adverse outcomes before or after trial or on appeal, and the people affected will get compensation. Class Plaintiffs and their Co-Lead Counsel think the settlements are best for all Settlement Class Members.

<u>**WHO CAN PARTICIPATE IN THE SETTLEMENTS**</u>

**5. How do I know if I am part of the settlements?**

The Court decided that everyone who fits this description is a Settlement Class Member: All persons or entities (together, "Persons") who, during the period of January 1, 2008 through September 25, 2015, purchased CDS from or sold CDS to the Dealer Defendants, their respective affiliates, or any purported co-conspirator, in any Covered Transaction.  The settlement agreements define a Covered Transaction as follows:

"A purchase or sale of CDS shall be deemed to be a "Covered Transaction" in each of the following circumstances:  (i) if the purchase or sale was by or on behalf of a Person either domiciled or located (*e.g.*, had a principal place of business) in the United States or its territories at the time of such purchase or sale; (ii) if the Person was domiciled and located outside the United States and its territories at the time of any such purchase or sale, where such purchase or sale was in United States commerce; or (iii) where such purchase or sale otherwise falls within the scope of the U.S. antitrust laws."

Examples of a "Covered Transaction" include: (i) you are domiciled or located in the United States or its territories and you made a CDS Transaction with a Dealer Defendant or one of its affiliates; (ii) you are domiciled and located outside the United States or its territories and you made a CDS Transaction with a Dealer Defendant or one of its affiliates located in the United States or its territories; or (iii) you are domiciled and located outside the United States or its territories and you made a CDS Transaction with a Dealer Defendant or one of its affiliates that was executed through a desk located in the United States or its territories.

The above examples are not intended to be exclusive of what constitutes a "Covered Transaction."  To the extent you believe you made a CDS Transaction that is a "Covered Transaction," you will be given the opportunity to identify that transaction and submit supporting evidence to the claims administrator.

**6. Are there exceptions to being included in the Settlement Class?**

Yes. You are not included in the Settlement Class if you are:

- a Defendant, or its current subsidiary or affiliate;
- an officer, director, management, or employee of a Defendant; or
- a Person whose exclusion is mandated by law.

However, "Investment Vehicles" are not excluded from the Settlement Class. For purposes of the settlements, an Investment Vehicle means any investment company or pooled investment fund, including, but not limited to: (i) mutual fund families, exchange-traded funds, fund of funds and hedge funds, in which a Defendant has or may have a direct or indirect interest, or as to which its affiliates may act as an investment advisor, but of which a Defendant or its respective affiliates is not a majority owner or does not hold a majority beneficial interest, and (ii) any Employee Benefit Plan as to which a Defendant or its affiliates acts as an investment advisor or otherwise may be a fiduciary.

## 7. What if I'm still not sure if I am included in the Settlement Class?

If you are still not sure whether you are included in the Settlement Class, you can ask for free help. You can call 1-888-744-0531 or visit www.CDSAntitrustSettlement.com for more information. Or you can fill out and return the proof of claim form described in Question 10 to see if you qualify.

### THE SETTLEMENT BENEFITS

## 8. What do the settlements provide?

Defendants will collectively pay the Settlement Class $1,864,650,000 (the "Settlement Fund"). The Settlement Fund, less any costs associated with notifying the Settlement Class, claims administration, and Court-awarded attorneys' fees, expenses, and incentive awards to Class Plaintiffs for representing the Settlement Class, will be divided among all Settlement Class Members who send in a valid proof of claim form.

In addition to the cash component, the settlement with ISDA provides for corporate governance reforms on the licensing of ISDA intellectual property, as follows: ISDA will disband the Credit Steering Committee Licensing Sub-Committee and replace it with an independent licensing sub-committee, called the "Licensing Sub-Committee," which will have 8 to 10 members consisting of an equal number of buy-side and sell-side firms. All decisions on licensing will be by simple majority vote. The ISDA Board will delegate full authority to the Licensing Sub-Committee to decide whether to grant requested licenses. If the Licensing Sub-Committee decides not to grant a proposed license, it will provide to the proposed licensee an opportunity to rebut the determination or modify its application. Any decision not to grant a license will be subject to an outside dispute resolution mechanism. All meetings of the Licensing Sub-Committee should be open to the public via broadcast through ISDA's website, unless a proposed licensee objects. Decisions of the Licensing Sub-Committee regarding requests for licenses will be published on ISDA's website, unless a proposed licensee objects.

In the event any Defendant terminates its settlement agreement ("Settlement Agreement") and the litigation of the action continues against that Defendant, Settling Defendants have agreed to provide certain reasonable cooperation including making available up to four current or former employees from each Settling Defendant as witnesses in the ongoing litigation.

## 9. Can the Settlement Amount be reduced or the Settlement terminated?

In certain circumstances each Defendant has the right to request a modification of the Settlement Amount or to terminate the Settlement. The right to seek reduction in the Settlement Amount or to terminate the Settlement is set forth at Paragraphs 11(a) through 11(c) of the Settlement Agreement with each Defendant.

Should one or more members of the Settlement Class timely exercise their rights to be excluded from the Settlement Class, a Settling Defendant, if it believes that the total Requests for Exclusion from the Settlement Class represent a material portion of the Covered Transactions and their exclusion would materially reduce the value of Settlement, shall have the option to present the issue to the settlement mediator, Judge Daniel Weinstein (Ret.). In the event Judge Weinstein determines some reduction in the Settlement Amount is appropriate, he may not reduce the Settlement Amount by greater than a one-to-one ratio. That is, the amount a Settlement Class member who chooses to remain as part of the Settlement Class will receive will be at least the same as if no one had requested exclusion from the Settlement Class. A Settling Defendant may also seek to terminate the Settlement by making an application for termination to Judge Weinstein. Upon such application Judge Weinstein shall determine if the reduction remedy set forth above in this Paragraph is not adequate to preserve the essential benefits of the Settlement to the Settling Defendant making such application. Should a Settlement be terminated, the Parties shall revert to their respective status in the Action as of the date they executed the Settlement Agreement.

## 10. Will I get a payment?

If you are a Settlement Class Member and do not opt out of the Settlement Class, you are eligible to file a proof of claim form to receive your share of money from the Settlements. The amount of your payment will be determined by the Plan of Distribution. Plaintiffs allege that Defendants' anticompetitive conduct artificially inflated the spreads on all CDS transactions throughout the Class Period. Plaintiffs allege that but for Defendants' anticompetitive conduct, some CDS transactions would have migrated from over-the-counter trading to exchanges with a central limit order book, which would have resulted in greater pre- and post-trade transparency and other market efficiencies, thus compressing the artificially-inflated spreads on CDS traded on an exchange and those that would have continued to trade over the counter. This is disputed by Defendants.

Co-Lead Counsel retained experts who constructed a model to identify the amount of inflation of the spreads on any given CDS transaction at any given date during the Class Period. The model uses the database of CDS transactions maintained by the Depository Trust & Clearing Corporation ("DTCC"), produced in this litigation, which all market participants accept as the legal record of a CDS transaction. The model identifies CDS purchase and sales transactions executed from January 1, 2008 through September 25, 2015 which may be eligible to receive distributions from the Net Settlement Fund (the amount remaining after attorneys' fees, litigation costs and claims administration costs have been deducted) under the Settlement Class definition upon proper and timely submission of a claim.

Co-Lead Counsel's experts have identified a spread compression percentage that will be applied to Covered Transactions to generate the amount of each Settlement Class Member's potential claim. Each Settlement Class Member will be sent a claim form that will direct the Settlement Class Member to a secured website maintained by the claims administrator to review information about that member's Covered Transactions, as recorded in the DTCC database. The secured website will provide the Settlement Class Member with: (i) the name of the CDS purchased or sold with the unique identification number (RED Code); (ii) the date of the transaction; (iii) the notional amount of the transaction; (iv) the tenor of the transaction (number of years, typically 5 years); (v) for CDS indices, the series; and (vi) the allowed claim (amount of inflated spread paid) for that CDS transaction.

The Net Settlement Fund will be distributed to all Settlement Class Members who submit claims on a pro rata basis. Specifically, the distribution of the Net Settlement Fund will be based on the percentage of each Settlement Class Member's allowed claim as compared to the sum of all valid, allowed claims that are filed. The Net Settlement Fund will be paid out to Settlement Class Members who make proper and timely claims. No

monies revert to Defendants. The Court must decide whether to approve the proposed Plan of Distribution and will consider that at the Fairness Hearing.

## 11. How can I get a payment?

To qualify for payment, you must send in a proof of claim form. A proof of claim form is attached to this Notice. You may also get a proof of claim form electronically through the settlement website, www.CDSAntitrustSettlement.com. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and submit it. Proof of claim forms must [be submitted electronically or] be postmarked by May 27, 2016.

## 12. When will I receive a payment?

The Court will hold a hearing on April 15, 2016, to decide whether to approve the settlements. If the Court approves the settlements, there may be appeals after that. It is always uncertain whether those appeals can be resolved. Resolving them can take time, perhaps more than a year. Everyone who submits a proof of claim form will be informed of the progress of the settlements. Please be patient.

## 13. What am I giving up to get a payment or stay in the Settlement Class?

Unless you exclude yourself, you are staying in the Settlement Class, and that means you can't sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Parties about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you. As described in the Settlement Agreements, upon the Effective Date of settlement, each of the Releasing Parties: (i) shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal, shall have, fully, finally, and forever waived, released, relinquished, and discharged to the fullest extent permitted by law all Released Claims against the Released Parties, regardless of whether such Releasing Party executes and delivers a proof of claim; (ii) shall forever be enjoined from prosecuting in any forum any Released Claim against any of the Released Parties; and (iii) agrees and covenants not to sue any of the Released Parties with respect to any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims. The capitalized terms used in this paragraph are defined in the Settlement Agreements, which can be accessed on the website, www.CDSAntitrustSettlement.com.

A full description of the claims you are giving up against Defendants and the Released Parties is set forth in the Settlement Agreements at Paragraphs 4(a) – (f), which may be obtained on the settlement website, www.CDSAntitrustSettlement.com, or by contacting the Claims Administrator at 1-888-744-0531. Unless you exclude yourself, you are "releasing" the claims described in the Settlement Agreements, whether or not you later submit a claim.

## EXCLUDING YOURSELF FROM THE SETTLEMENTS

If you don't want a payment from these settlements, but you want to keep the right to sue or continue to sue Defendants, on your own, about the legal issues in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

## 14. What if I do not want to be in the Settlement Class?

If you decide to exclude yourself from, or "opt out" of, the Settlement Class, you will be free to sue Defendants or any of the other Released Parties on your own for the claims being resolved by the settlements. However,

you will not receive any money from the settlements, and Co-Lead Counsel will no longer represent you with respect to any claims against Defendants. If you want to receive money from the settlements, do not exclude yourself.

**15. How do I get out of the settlements?**

You can exclude yourself, or "opt out," by sending to the Claims Administrator a written Request for Exclusion stating, "I/we hereby request that I/we be excluded from the proposed Settlement Class in the In re Credit Default Swaps Antitrust Litigation." A Request for Exclusion must be in writing, signed by the Person (defined as the individual or entity holding the claim) or his, her, or its authorized representative; it must state, at a minimum, the name, address, and phone number of that Person; identify any and all CDS Transactions (including their respective notional amounts) in which the Person, during the period of January 1, 2008 through September 25, 2015, purchased CDS from or sold CDS to any of the Dealer Defendants, any of their respective affiliates, or any purported co-conspirator, unless that information is not within the Person's possession, custody, or control; and include a signed statement that "I/we hereby request that I/we be excluded from the proposed Settlement Class in the In re Credit Default Swaps Antitrust Litigation."

You cannot exclude yourself by telephone or email. You must do so in writing and by mail. To be valid, your Request for Exclusion must be postmarked by February 29, 2016, and mailed to:

Credit Default Swaps Antitrust Litigation

C/O Garden City Group

P.O. Box 10254

Dublin, OH 43017-5754

If you ask to be excluded, you will not get any settlement payment, and you cannot comment on or object to the settlements. You will not be legally bound by the settlements or anything that happens in this lawsuit.

**16. If I exclude myself, can I get money from the settlements?**

No. You will not get any monetary benefits of the settlements, if you exclude yourself.

**17. If I exclude myself, can I comment on the settlements?**

No. If you exclude yourself, you are no longer a member of the Settlement Class and may not comment on or object to any aspect of the settlements.

## COMMENTING ON OR OBJECTING TO THE SETTLEMENTS

**18. How can I tell the Court what I think about the settlements?**

If you're a Settlement Class Member, you can tell the Court what you think about the settlements. You can comment on or object to any part of the settlements, the Plan of Distribution, the request for attorneys' fees and expenses, or the request for incentive awards to the Class Plaintiffs for representing the Settlement Class. You can give reasons why you think the Court should approve them or not. The Court will consider your views.

If you want to make a comment or objection, you must do so in writing. Your comment or objection must: (i) identify this case, In re: Credit Default Swaps Antitrust Litigation, Master Docket No.: 13 MD 2476 (DLC); (ii) state whether you intend to appear at the Fairness Hearing (though your appearance is not necessary for the Court to consider your views on the settlements); (iii) provide proof that you are a member of the Settlement

Class; and (iv) identify the specific grounds for your comment or objection including any reasons why you want to appear and be heard at the Fairness Hearing, as well as all documents or writings that you want the Court to consider.

You cannot make a comment or objection by telephone or email. You must do so in writing and by mail. To be considered by the Court, your comment or objection must be postmarked by February 29, 2016, filed with the Clerk of Court, and mailed to the following addresses:

**Court**
Clerk of Court
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

***Co-Lead Counsel for Plaintiffs and the Settlement Class***

Daniel L. Brockett
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010-1601

If you do not timely submit a comment or objection, your views will not be considered by the Court or any court on appeal.

**19. What's the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the settlements. You can object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the settlements no longer affect you.

**THE LAWYERS REPRESENTING YOU**

**20. Do I have a lawyer in this case?**

Yes. The Court has appointed the firms listed below to represent you and the Settlement Class in this case:

| | |
|---|---|
| Daniel L. Brockett<br>Quinn Emanuel Urquhart & Sullivan, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010-1601<br>(212) 849-7000 | Bruce L. Simon<br>Pearson, Simon & Warshaw, LLP<br>44 Montgomery Street, Suite 2450<br>San Francisco, California 94104<br>(415) 433-9000 |

These lawyers are called Co-Lead Counsel. Co-Lead Counsel will apply to the Court for payment of attorneys' fees and expenses from the Settlement Fund. You will not otherwise be charged for Co-Lead Counsel's services. If you want to be represented by your own lawyer, you may hire one at your own expense.

**For more information, call 1-888-744-0531 or visit www.CDSAntitrustSettlement.com**
10

**21. How will the lawyers be paid?** *By January 29, 2016,*

To date, Co-Lead Counsel have not been paid any attorneys' fees or reimbursed for any out-of-pocket costs in connection with the litigation. Any attorneys' fees and reimbursement of costs will be awarded only as approved by the Court in amounts determined to be fair and reasonable. The Settlement Agreements provide that Co-Lead Counsel may apply to the Court for an award of attorneys' fees and reimbursement of costs out of the Settlement Fund. ~~Prior to the final approval hearing,~~ Co-Lead Counsel will move for an award of attorneys' fees in an amount that will be consistent with the negotiated fee agreement with Lead Plaintiff Los Angeles County Employees Retirement Association ("LACERA"), not to exceed fourteen percent of the Settlement Fund's total value, as well as reimbursement of litigation costs. Plaintiffs will also seek incentive awards for the Class representatives, because of their unique efforts and expense taken on behalf of the Class. The motion by Co-Lead Counsel for attorneys' fees and costs and incentive awards will be available for viewing on the Settlement Website after it is filed. After that time, if you wish to review the motion papers, you may do so by viewing them at www.CDSAntitrustSettlement.com.

The Court will consider Co-Lead Counsel's requests for attorneys' fees, expenses, and incentive awards at or after the Fairness Hearing.

## THE COURT'S FAIRNESS HEARING

**22. When and where will the Court decide whether to approve the settlements?**

The Court will hold a Fairness Hearing at 2:00 p.m. on April 15, 2016, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, Courtroom 15B, 500 Pearl Street, New York, NY 10007. The hearing may be moved to a different date or time without additional notice, so you should check www.CDSAntitrustSettlement.com before making travel plans. At the Fairness Hearing, the Court will consider whether the settlements are fair, reasonable and adequate, and whether the Plan of Distribution is fair and adequate. The Court will also consider how much to pay Co-Lead Counsel and whether to approve litigation expenses and incentive awards to the Class Plaintiffs. If there are comments or objections, the Court will consider them at this time. After the hearing, the Court will decide whether to approve the settlements. We do not know how long this decision will take.

**23. Do I need to come to the hearing?**

No. Class Counsel will be prepared to answer any questions the Court may have at the hearing. However, you are welcome to attend the hearing at your own expense. If you send a comment or objection, you do not have to come to Court to explain it. As long as you mailed your written comment or objection on time as set out in this Notice, the Court will consider it. You also may pay another lawyer to attend, but it's not required.

**24. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. If you want to appear at the Fairness Hearing and make a comment or objection, either in person or through an attorney hired at your own expense, you need to file a written notice of intention to appear with the Clerk of Court. It must be postmarked by February 29, 2016, and mailed to each of the addresses listed in Question 18. The written notice of intention to appear must: (i) include your name, address, telephone number, and signature; (ii) state that you intend to appear at the Fairness Hearing for In re: Credit Default Swaps Antitrust Litigation, Master Docket No.: 13 MD 2476 (DLC); (iii) provide proof that you are a member of the Settlement Class; and (iv) identify the specific

grounds for your comment or objection including any reasons why you want to appear and be heard at the Fairness Hearing, as well as all documents or writings that you want the Court to consider.

### IF YOU DO NOTHING

**25. What happens if I do nothing?**

If you do nothing, you will not get any money from these settlements. Unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Parties about the legal issues in this case.

### GETTING MORE INFORMATION

**26. How do I get more information?**

This Notice summarizes the settlements. More details are available in the Settlement Agreements. You can get complete copies of the Settlement Agreements at www.CDSAntitrustSettlement.com. The website has answers to common questions about these settlements, a claim form, and other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment. You also may call 1-888-744-0531 or write to the Claim Administrator at Credit Default Swaps Antitrust Litigation, c/o Garden City Group, P.O. Box 10254, Dublin, OH 43017-5754.

DATED: _____, 2015                                    BY ORDER OF THE COURT

In re Credit Default Swaps Antitrust Litigation
c/o Garden City Group
P.O. Box 10254
Dublin, OH 43017-5754
**IMPORTANT COURT DOCUMENT**

# EXHIBIT A-2

# SUMMARY NOTICE

**If You Entered into a CDS Transaction Between January 1, 2008 and September 25, 2015, You May Be Affected by Class Action Settlements.**

---

"CDS" means any and all types of credit default swap(s) and CDS-based products, including, without limitation, single-name CDS, CDS on corporate, sovereign and municipal reference entities, tranche CDS, basket CDS, index CDS, and CDS futures. A "CDS Transaction" means (i) any purchase, sale, trade, assignment, novation, unwind, termination, or other exercise of rights or options with respect to any CDS, whether executed over-the counter or via inter-dealer brokers, a centralized clearinghouse, a central limit order book, an exchange, a swap execution facility, or any other platform or trading facility; or (ii) any decision to withhold a bid or offer on, or to decline to purchase, sell, trade, assign, novate, unwind, terminate or otherwise exercise any rights or options with respect to any CDS.

---

This notice is to alert you to settlements reached with defendants Bank of America Corporation and Bank of America, N.A.; Barclays Bank PLC; BNP Paribas; Citigroup Inc., Citibank, N.A., and Citigroup Global Markets Inc.; Credit Suisse AG; Deutsche Bank AG; Goldman, Sachs & Co.; HSBC Bank PLC and HSBC Bank USA, N.A.; JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A.; Morgan Stanley & Co. LLC; Royal Bank of Scotland PLC and Royal Bank of Scotland N.V.; UBS AG and UBS Securities LLC (collectively, "Dealer Defendants"); International Swaps and Derivatives Association; Markit Group Holdings Ltd. and Markit Group Ltd. (along with the Dealer Defendants, collectively "Defendants") in a class action. The lawsuit alleges that Defendants engaged in anticompetitive acts that affected the price of CDS in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, principally by conspiring to prevent the creation of exchange trading platforms for CDS which, if established, would have reduced the spreads paid on each CDS transaction. The lawsuit further alleges that Defendants were unjustly enriched under common law by their anticompetitive acts. The lawsuit was brought by, and on behalf of, purchasers and sellers of CDS. The Defendants deny they did anything wrong.

Settlements have been reached with all Defendants. Defendants have collectively agreed pay $1,864,650,000 ("Settlement Fund"). The United States District Court for the Southern District of New York ("Court") authorized this notice. Before any money is paid, the Court will have a hearing to decide whether to approve the settlements. Approval of these settlements by the Court will resolve this lawsuit in its entirety.

### WHO IS A SETTLEMENT CLASS MEMBER?

Subject to certain exceptions, the Settlement Class includes all persons or entities (together, "Persons") who, during the period of January 1, 2008 through September 25, 2015, purchased CDS from or sold CDS to the Dealer Defendants, their respective affiliates, or any purported co-conspirator, in any Covered Transaction. A purchase or sale of CDS shall be deemed to be a "Covered Transaction" in each of the following circumstances: (i) if the purchase or sale was by or on behalf of a Person either domiciled or located (*e.g.*, had a principal place of business) in the United States or its territories at the time of such purchase or sale; (ii) if the Person was domiciled and located outside the United States and its territories at the time of any such purchase or sale, where such purchase or sale was in United States commerce; or (iii) where such

### WILL I GET A PAYMENT?

If you are a Settlement Class Member and do not opt out of the Settlement Class, you will be eligible to file a proof of claim form. The amount of your payment will be determined by a Plan of Distribution. Details about the Plan of Distribution are available at www.CDSAntitrustSettlement.com. A date for distribution of the Settlement Fund has not been set. Proof of claim forms must be [submitted electronically or] postmarked by May 27, 2016.

### WHAT ARE MY RIGHTS AS A CLASS MEMBER?

If you are a Settlement Class Member and do not opt out, you will release certain legal rights against the Defendants and the Released Parties, as explained in the detailed notice and settlement agreements, which are available at www.CDSAntitrustSettlement.com. If you do not want to take part in the proposed settlements, you must opt out by February 29, 2016.

You may, but do not have to, comment on or object to the proposed settlements, the Plan of Distribution, or class counsel's application to the Court for an award of attorneys' fees, expenses, and incentive awards to the plaintiffs for representing the Settlement Class. To do so, you must submit your comments or objections by February 29, 2016.

Information on how to opt out or submit comments or objections is contained in the detailed notice and at www.CDSAntitrustSettlement.com.

### WHEN IS THE FAIRNESS HEARING?

The Court will hold a hearing on April 15, 2016, at 2:00 p.m., at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007 to consider whether to approve the proposed settlements, the Plan of Distribution, and class counsel's application for an award of attorneys' fees, expenses, and incentive awards to the plaintiffs. You or your lawyer may ask to appear and speak at the hearing at your own expense, but you do not have to. If you wish to appear, you must file a notice of intention to appear by February 29, 2016.

purchase or sale otherwise falls within the scope of the U.S.
antitrust laws.

If you are not sure if you are included in the Settlement Class, you
can get more information, including a detailed notice, at
www.CDSAntitrustSettlement.com or by calling toll free 1-888-
744-0531.

**For more information, call 1-888-744-0531 or visit www.CDSAntitrustSettlement.com.**